69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David H. JOHNS, Petitioner-Appellant,
v.
Michael CODY, Warden; and Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 94-7141.
 United States Court of Appeals, Tenth Circuit.
 July 6, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 David H. Johns appeals from an order dismissing his 2254 petition as an abuse of the writ. Mr. Johns contended two state judges should have disqualified themselves from hearing his sixth state post-conviction proceeding because they had been law partners and one judge had represented Mr. Johns' codefendant. The magistrate judge recommended dismissal of the petition because in prior 2254 petitions Mr. Johns had failed to raise the issue. The district court adopted the recommendation and dismissed. This appeal followed.
 
 
 3
 Examination of the record supports the district court's judgment. Although Mr. Johns argues he has met the cause prong of McCleskey v. Zant, 499 U.S. 467 (1991), because he has only lately learned of the connection between one of the judges and his codefendant, it is clear he has not met the prejudice test. Assuming the truth of his claim, it is clear that the failure of the judges to recuse themselves did not result in the conviction of an innocent person. Id. at 502.
 
 
 4
 The motion for a certificate of probable cause is GRANTED, and the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470